J-S64037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHANE ALLEN DIETRICH | |
| Appellant | No. 795 WDA 2014 |

Appeal from the Judgment of Sentence April 11, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000987-2011

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHANE ALLEN DIETRICH | |
| Appellant | No. 796 WDA 2014 |

Appeal from the Judgment of Sentence April 11, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003793-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED OCTOBER 24, 2014**

Appellant, Shane Allen Dietrich, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following revocation of his probation at No. 987 of 2011.  Appellant also appeals from the judgment of sentence entered in the Erie County Court of Common

Pleas, following his open guilty plea to burglary at No. 3793 of 2013.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. On June 30, 2011, Appellant entered an open guilty plea to theft by unlawful taking and criminal trespass at No. 987 of 2011.  On August 8, 2011, the court sentenced Appellant to three (3) years' probation for the theft by unlawful taking conviction.  The court sentenced Appellant to a concurrent term of three (3) years' probation for the criminal trespass conviction. Appellant did not file a notice of appeal.

Appellant subsequently violated the terms of his probation by committing a burglary in November 2013.  On February 27, 2014, Appellant entered an open guilty plea to burglary at No. 3793 of 2013.  With the benefit of a pre-sentence investigation ("PSI") report, the court conducted Appellant's sentencing hearing on April 11, 2014.  At the conclusion of the hearing, the court sentenced Appellant to three (3) to six (6) years' imprisonment for the burglary conviction.[2]  The court also revoked probation at No. 987 of 2011, re-sentencing Appellant to an aggregate term of one (1) to two (2) years' imprisonment.  The court ordered the sentence at No. 987

---

[1] 18 Pa.C.S.A. § 3502.

[2] With a prior record score of "RFEL" and an offense gravity score of seven (7), the standard range for Appellant's burglary conviction was thirty-five (35) to forty-five (45) months.  Appellant's burglary sentence fell within the standard range.

of 2011 to run consecutive to the sentence at No. 3793 of 2013. Appellant did not file post-sentence motions.

Appellant timely filed notices of appeal at both docket numbers on Monday, May 12, 2014. That same day, counsel filed statements of intent to file briefs pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On July 29, 2014, this Court consolidated the appeals *sua sponte*.

As a preliminary matter, appellate counsel seeks to withdraw her representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super.

2006) (quoting **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super. 1997)).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under **Anders,** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

_____

[3] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

Instantly, appellate counsel filed a petition for leave to withdraw. The petition states counsel reviewed the record and concluded the appeal would be wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately retained counsel to pursue any additional arguments Appellant deems worthy of this Court's consideration. In her **Anders** brief, counsel provides a summary of the procedural history of the case. Counsel refers to facts in the record that might arguably support the issue raised on appeal and offers citations to relevant law. The brief also provides counsel's reasons for her conclusion that the appeal is wholly frivolous. Thus, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

As Appellant has filed neither a *pro se* brief nor a counseled brief with new privately retained counsel, we review this appeal on the basis of the issue raised in the **Anders** brief:

> WAS THE SENTENCE IN THIS CASE MANIFESTLY EXCESSIVE AND CLEARLY UNREASONABLE AND NOT INDIVIDUALIZED AS REQUIRED BY LAW?

(**Anders** Brief at 1).

Appellant contends the court failed to consider mitigating factors at sentencing. Specifically, Appellant emphasizes his mental health issues, which require him to take medication. Appellant also claims he quit using cocaine and marijuana in 2010, he has no history of violence, and he

supports nine (9) individuals living in his house, including his bedridden mother and developmentally disabled uncle. In light of these facts, Appellant insists the court imposed sentences inconsistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and Appellant's rehabilitative needs. Appellant concludes the court abused its discretion by imposing a manifestly excessive and clearly unreasonable sentence. Appellant's challenge is to the discretionary aspects of his sentence.[4] **See Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim

_____

[4] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." **Id.** at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so he can challenge the discretionary aspects of his sentence.

To the extent Appellant challenges the sentence imposed following the revocation of probation at No. 987 of 2011, this Court is generally limited to determining the validity of the revocation proceeding and the legality of the judgment of sentence imposed. **Commonwealth v. Heilman**, 876 A.2d 1021 (Pa.Super. 2005). Notwithstanding the stated scope of review suggesting only the legality of a sentence is reviewable, an appellant may also challenge the discretionary aspects of a sentence imposed following revocation. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). **See also Commonwealth v. Cappellini**, 690 A.2d 1220 (Pa.Super. 1997) (addressing discretionary aspects of sentence imposed following revocation of probation).

that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Sierra, supra*. Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).[5]

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a

_____

[5] Here, Appellant failed to raise his discretionary aspects claim at the sentencing hearing or in post-sentence motions. Due to counsel's petition to withdraw, however, we proceed with our analysis of Appellant's issue. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009) (explaining *Anders* requires review of issues otherwise waived on appeal).

separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13 (quoting *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently

articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Mouzon, supra** at 435, 812 A.2d at 627. Nevertheless, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." **Commonwealth v. Cruz-Centeno**, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (quoting **Commonwealth v. Urrutia**, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)).

Instantly, Appellant's assertion that the court failed to consider the mitigating factors does not raise a substantial question under the circumstances of this case. **See Cruz-Centeno, supra**. The court had the benefit of a PSI report. (**See** N.T. Sentencing and Probation Revocation Hearing, 4/11/14, at 6, 22.) Therefore, we can presume the court considered the relevant sentencing factors. **See Tirado, supra** at 366 n.6 (stating where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). The court also imposed a standard range sentence at No. 3793 of 2013. Thus, Appellant's sentence at No. 3793 of 2013 is presumptively valid. **See Cruz-Centeno, supra** (explaining that combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable). We note the Sentencing Guidelines

do not apply to the sentence imposed following the revocation of probation at No. 987 of 2011. **See Commonwealth v. Ferguson**, 893 A.2d 735, 739 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196 (2006).

Moreover, the record belies Appellant's assertion that the court did not adequately consider his mental health history and the circumstances of his family life. At the sentencing/revocation hearing, Appellant presented testimony from Yanette Barnes, his mental health case manager. Ms. Barnes indicated that Appellant attends outpatient treatment for his various conditions, but he does not always follow the recommendations of the healthcare professionals. Ms. Barnes informed the court that outpatient treatment will continue to help Appellant, but "it's all up to him." (**See** N.T. Sentencing and Probation Revocation Hearing at 9.) Ms. Barnes also conceded that Appellant's lack of impulse control is "something [Appellant] would need to work on in therapy and actively participate." (**Id.** at 10).

The court also received testimony from Christine Cooper, the burglary victim at No. 3793 of 2013. Ms. Cooper, who is Appellant's mother-in-law, denied Appellant's assertion that he supports the family members living at his house. Ms. Cooper testified, "[E]verybody in that household all receive their own stipends of SSI. It is not [Appellant's] income that they are relying on." (**Id.** at 13). Regarding Appellant's mental health, Ms. Cooper stated that Appellant understood the difference between right and wrong. Moreover, Ms. Cooper testified that Appellant committed the burglary on a

date when he knew Ms. Cooper would be out of town for the Thanksgiving holiday.

In light of this testimony, the court made the following on-the-record statement in support of the sentences imposed:

> The starting point for analysis of this case is a mental health diagnosis with [Appellant] and psychiatric evaluation, which I have, which is complemental with what the caseworker said. And there are in the diagnosis some significant factors, some of which indicate that [Appellant] is a victim of some events beyond his control, and I've looked at that. I'm trying to determine and navigate to what degree we have things that [Appellant] may not be responsible for…. But here there's enough evidence from talking to the victim that [Appellant] has the capacity to plan, connive, and take advantage of people. So even allowing for his mental health [diagnosis]…he still bears culpability for much of his conduct and I'm going to hold him to account for that.

(*Id.* at 22-23). Here, the record indicates the court was aware of the relevant sentencing considerations and weighed them in a meaningful fashion. Based upon the foregoing, we conclude Appellant's sentences should remain undisturbed. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

- 11 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/24/2014</u>